UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DALE E. ALSAGER, D.O. PhD., as a professional licensed Osteopathic Physician and Surgeon in the State of Washington License No. OP00001485,<br><br>Plaintiff,<br><br>v.<br><br>BOARD OF OSTEOPATHIC MEDICINE AND SURGERY, a Washington State Agency; WASHINGTON STATE DEPARTMENT OF HEALTH, a Washington State Agency, and the STATE OF WASHINGTON, JAY R. INSLEE, as Governor of the State of Washington; ROBERT W. FERGUSON, as Attorney General of the State of Washington; MARY C. SELENCKY, as Secretary of Health; CATHERINE HUNTER, D.O., as Chair of the Board of Osteopathic Medicine and Surgery; KAREN JENSEN, as Assistant Secretary of Health for Health Systems Quality Assurance; PATRICIA HOYLE, as Health Care Investigator; and KRISTI LYNN WEEKS, as Director of Office of Legal Services;<br><br>Defendants. | CASE NO. 13-5030 RJB<br><br>ORDER ON MOTION TO DISMISS |

ORDER ON MOTION TO DISMISS- 1

1  This matter comes before the Court on the Defendants Board of Osteopathic Medicine
2  and Surgery, Washington State Department of Health and State of Washington's Motion to
3  Dismiss. Dkt. 10. The Court has considered the pleadings filed regarding the motion and the
4  remaining record.

5  Plaintiff, a licensed physician, brings this case seeking injunctive relief and a declaration
6  from this Court that certain Washington statutes governing professional medical license
7  disciplinary proceedings violate the Fourth, Fifth and Fourteenth Amendments to the U.S.
8  Constitution. In Defendants' Motion to Dismiss, they argue that the Plaintiff's Complaint
9  against them should be dismissed pursuant to the Eleventh Amendment and under the *Younger*
10 abstention doctrine. Dkt.10. Defendants' Motion should be granted. To the extent that Plaintiff
11 asserts claims against the State of Washington or its agencies, the Complaint should be dismissed
12 because they are immune from suit in federal court under the Eleventh Amendment. Further,
13 pursuant to the *Younger* abstention doctrine, this Court should not exercise jurisdiction on
14 Plaintiff's remaining claims against the individual state officials, and so those claims should also
15 be dismissed.

16                    I.   **FACTS AND PROCEDURAL HISTORY**

17 This case arises from an investigation by the Washington State Board of Osteopathic
18 Medicine and Surgery ("Board") into alleged physician misconduct by Plaintiff. Dkt. 16.

19 **A.  BACKGROUND FACTS**

20 The Board is a state created entity that regulates the practice of Washington's osteopathic
21 physicians to ensure public health and safety. RCW § 18.57.01 *et seq*. To that end, the Board
22 disciplines osteopathic physicians in Washington who conduct themselves in an "unprofessional
23 manner" as defined in Washington's Health Professions Uniform Disciplinary Act ("UDA")
24

RCW § 18.130.001, *et seq*. RCW §§ 18.130.040(2)(vii) and 18.130.180. In addition to setting out what conduct is considered "unprofessional," the UDA further establishes a uniform procedure for disciplinary action against all health care professionals in the state. RCW § 18.130.001. In Washington, the disciplinary process begins with a complaint, which, in the case of osteopathic physicians, is filed with the Board. RCW § 18.130.080. If the Board "determines that the complaint merits investigation," the Board "shall investigate to determine whether there has been unprofessional conduct." *Id.* (The Board directs a Washington State Department of Health health care investigator to begin the investigation. RCW 18.130.060(4).) At the earliest point of time, insofar as it does not impede an investigation, the physician about whom the complaint is made is allowed to submit a written statement about that complaint. RCW § 18.130.95(1)(a).

Upon investigation, if there is reason to think unprofessional conduct has occurred, a statement of charges is served on the physician. RCW § 18.130.090(1). The statement of charges is accompanied by a notice that the physician may request a hearing to contest the charges. *Id.* If a hearing is requested, the time of the hearing shall be fixed by the Board "as soon as convenient, but the hearing shall not be held earlier than thirty days after service of the charges." RCW § 18.130.090(2). Hearings are conducted in accord with Washington's Administrative Procedures Act, RCW § 34.05. RCW § 18.130.100. If an adverse decision is issued against a physician, that decision may be challenged in Washington's superior courts and if necessary, appealed to the state appellate courts. RCW §§ 34.05.514 and 34.05.526. A physician that has been found to have engaged in unprofessional conduct can be censured, reprimanded, required to participate in a remedial program, put on probation, ordered to pay a fine, and/or have their license suspended or revoked. RCW § 18.130.160.

1   **B. INVESTIGATION OF PLAINTIFF**

2   The Amended Complaint alleges that in Plaintiff's case, the Board's investigator sent him
3   a letter on November 26, 2012, informing Plaintiff that the Board had received a complaint
4   against him and was investigating that complaint. Dkt. 16-1, at 2. The letter outlined the alleged
5   violations of the UDA as follows:

- RCW 18.130.180(1) The commission of any act involving moral turpitude, dishonesty, or corruption relating to the practice of the person's profession, whether the act constitutes a crime or not."
- RCW 18.130.180(7) "Violation of any state or federal statute or administrative rule regulating the profession in question, including any statute or rule defining or establishing standards of patient care or professional conduct or practice."
- RCW 18.130.180(11) "Violation of rules established by any health agency."
- RCW 18.130.180(24) "Abuse of a client or patient or sexual contact with a client or patient."

Dkt. 16-1, at 2. The letter then described the allegations:

> Specifically, you have been treating Ms. ------- since approximately May 2009 for numerous health conditions. During her second appointment with you in 2009 for neck pain you inappropriately touched her bare breasts and placed your hand inside her pants and touched her vagina. After that appointment you developed a sexual relationship with Ms. -------- which has continued to the present time. The initial sexual assault was reported to Bothell Police Department by Ms.-------.
>
> The treatment you have provided to Mr. ------ has been questionable, according to two doctors that are familiar with her health history and prior care.
>
> Ms. ------- stated you have attempted to obtain partial ownership of her real estate property on more than one occasion.
>
> According to Ms. -------, you have threatened to kill or physically harm her during her stay at your facility and while under your care.

*Id.* (------ designates redactions in record). The letter states that Plaintiff is "required" by state law to cooperate with the investigation. *Id.* at 3. Plaintiff was informed that he must "respond to requests for records and documentation" and that a failure to do so may result in fines and/or

ORDER ON MOTION TO DISMISS- 4

1  being charged with a further violation of unprofessional conduct under RCW 18.130.180(8).

2  Plaintiff was notified that he "must provide a full and complete explanation of the matter if

3  requested." RCW 18.130.180(8)(b)." *Id.* Plaintiff was advised that the Board "may use [his]

4  response if they take disciplinary action, or in a hearing." *Id.* Plaintiff was then informed he

5  may have an attorney assist him. *Id.* The investigator requested the following information:

6  > A detailed narrative description of [his] personal and professional relationship with Ms. --------. Provide all documents pertaining to her renting space at your
7  > resident or adult care facility. . . .
   > Provide a detail statement regarding the allegations listed above and your
8  > financial arrangement with Ms. ------- both past and present.
   > Complete copies of Ms. -------- patient file including but not limited to patient
9  > history, intake sheet, chart notes, test and test results, X-rays, financial records
   > and all correspondence.
10 > Provide a copy of Ms. ------- personnel records while she was employed at your
   > facility including application, complete payroll records, dates of employment,
11 > position held.

12  *Id.* (------ designates redactions in record).

13  In his Amended Complaint, Plaintiff alleges that, by e-mail dated November 26, 2012,

14  his attorney sent a request for production of documents to the Board's investigator, and further

15  stated that Plaintiff "asserts in all matters regarding and relating to this quasi-criminal action his

16  Fourth and Fifth Amendment constitutional right to due process and, moreover, his right to

17  remain silent and his privilege against self- incrimination [and that] the assertion of his

18  constitutional rights and privileges cannot be held or used against him in any proceedings." Dkt.

19  16, at 10. His Amended Complaint further alleges that he filed a "Petition for Declaratory

20  Order" with the Board, the Department of Health and Office of the Attorney General, seeking to

21  have the board quash demands for certain documentation and a declaration that certain of the

22  statutes involved, including RCW 18.130.050(7), RCW 18.130.180(8), RCW 18.130.230(1), and

23  RCW 70.02.050(2)(a) are unconstitutional. Dkt. 16, at 11-12. The Board responded by letter

24

declining to quash the request for documentation or to enter Plaintiff's proposed declaration because he sought a remedy that "is not properly addressed by means of a declaratory order" and is "not within the Board's authority to provide." *Id.*

### C. PROCEDURAL HISTORY

Plaintiff filed his original Complaint against the State of Washington and two state agencies, the Board of Osteopathic Medicine and Surgery and the Washington State Department of Health, on January 15, 2013. Dkt. 1. He sought (and still seeks) injunctive relief and a declaration from this Court that "certain statutes of the State of Washington are unconstitutional under and pursuant to the U.S. Constitution Amendments IV, V, and XIV, as applied by the U.S. Supreme Court and other state courts to professional license disciplinary proceedings that are quasi-criminal actions of state government." Dkts. 1 and 16.

On January 24, 2013, Plaintiff filed a Motion for Summary Judgment, which is noted for consideration on March 22, 2013. Dkt. 7. In lieu of filing an answer to the original Complaint, on February 7, 2013, Defendants Washington State and the named state agencies filed the instant Motion to Dismiss, based on Eleventh Amendment immunity and the *Younger* abstention doctrine. Dkt.10.

On February 12, 2013, Plaintiff filed an Amended Complaint for Declaratory Judgment and Injunctive Relief, naming the following individual state officers, in their official capacity: Jay R, Inslee, Robert W. Ferguson, Mary C. Selecky, Catherine Hunter, Karen Jensen, Patricia Hoyle, and Kristi Lynn Weeks. Dkt. 16.

### D. PENDING MOTION

In the pending motion, Defendants argue that Plaintiff's case should be dismissed because the state and its agencies have Eleventh Amendment immunity from suit in federal

1  court. Dkts. 10 and 27. Defendants argue that this Court should decline to exercise jurisdiction
2  over Plaintiff's case under the *Younger* abstention doctrine. *Id.*

3       Plaintiff responds, and argues that now that he has amended his complaint pursuant to
4  Fed. R. Civ. P. 15(a)(1)(B), his case should not be completely dismissed pursuant to the Eleventh
5  Amendment because he has named individual defendants, and seeks prospective injunctive relief
6  from them. Dkt. 24. He further argues that the requirements for abstention under *Younger* are
7  not met so the Defendants' motion to dismiss should be denied. *Id.*

8                    **II.    DISCUSSION**

9     **A. MOTION TO DISMISS – STANDARD**

10       Fed. R. Civ. P. 12(b) motions to dismiss may be based on either the lack of a cognizable
11  legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri*
12  *v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken
13  as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d
14  1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not
15  need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement
16  to relief requires more than labels and conclusions, and a formulaic recitation of the elements of
17  a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65
18  (2007)(*internal citations omitted*). "Factual allegations must be enough to raise a right to relief
19  above the speculative level, on the assumption that all the allegations in the complaint are true
20  (even if doubtful in fact)." *Id*. at 1965. Plaintiffs must allege "enough facts to state a claim to
21  relief that is plausible on its face." *Id*. at 1974.

**B.  ELEVENTH AMENDMENT IMMUNITY**

"The Eleventh Amendment has been authoritatively construed to deprive federal courts of jurisdiction over suits by private parties against unconsenting States."  *Seven Up Pete Venture v. Schweitzer,* 523 F.3d 948, 953 (9th Cir. 2008).

To the extent that Plaintiff makes claims against the state of Washington or its agencies, the claims should be dismissed as barred by the Eleventh Amendment.  There is no evidence that Washington or its agencies have consented to such a suit and are, accordingly, immune from suits of this kind brought in federal courts.  *Pittman v. Oregon Employment Dept.,* 509 F.3d 1065, 1071 (9th Cir. 2007) (*internal quotations omitted*).

There are exceptions to Eleventh Amendment immunity.  *Pitmann*, at 1071.  For example, sovereign immunity does not bar suits for prospective injunctive relief against individual state officials acting in their official capacity.  *Id*.

To the extent that Plaintiff seeks prospective injunctive relief against the individual state officials acting in their official capacity, (Jay R, Inslee, Robert W. Ferguson, Mary C. Selecky, Catherine Hunter, Karen Jensen, Patricia Hoyle, and Kristi Lynn Weeks) his claims against them should not be dismissed pursuant to the Eleventh Amendment.

**C.  ABSTENTION**

"*Younger* abstention requires federal courts to abstain from hearing claims for equitable relief as long as the state proceedings are ongoing, implicate important state interests, and provide an adequate opportunity to raise federal questions."  *Buckwalter v. Nevada Bd. of Medical Examiners*, 678 F.3d 737, 747 (9th Cir. 2012).

In *Buckwalter*, a physician alleged that the individual members of the Nevada Board of Medical Examiners "deprived him of his constitutional rights when, in an ex parte emergency

proceeding, they summarily suspended his authority to prescribe medication." *Id.* Pursuant to *Younger*, the district court dismissed his claims. *Id.* The Ninth Circuit affirmed, holding that each of the *Younger* requirements were met. *Id.* As was the case in *Buckwalter*, this Court should abstain from exercising jurisdiction pursuant to *Younger,* because each of the *Younger* requirements are met.

        1.  Ongoing State Proceedings

The first *Younger* requirement is whether there is an state-initiated "ongoing" proceeding. *Buckwalter*, at 747. A proceeding must be judicial in nature to qualify as an ongoing state proceeding for purposes of *Younger*. New *Orleans Public Service, Inc. v. Council of City of New Orleans*, 491 U.S. 350, 369–71, (1989). "A judicial inquiry investigates, declares and enforces liabilities as they stand on present or past facts and under laws supposed already to exist. That is its purpose and end." *Id*. at 370.

The Board's investigation of Plaintiff's conduct constitutes a state initiated "ongoing proceeding" for the purposes of *Younger* abstention. *San Jose Silicon Valley Chamber of Commerce Political Action Committee v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008)(holding that the first *Younger* requirement is met  - "state-initiated proceeding in this case- the Elections Commission's investigation of Plaintiffs' activities-is ongoing"); *Amanatullah v. Colorado Board of Medical Examiners*, 187 F.3 1160 (10th Cir. 1999) (holding that for the purposes of *Younger,* state proceedings began when disciplinary board initiated investigation of complaint against physician). The Board here is charged with reviewing complaints, and if they feel the complaint merits it, investigating those complaints, and then if necessary, charging physicians, holding hearings and then making disciplinary decisions. Each of their actions, are accordingly, judicial in nature. In this case, when they began investigation of Plaintiff, the state

1  initiated proceedings began.  Further, parties appear to be engaging in discovery.  The Board has
2  requested certain documents from Plaintiff and Plaintiff has requested documents from the
3  Board, and attempted to quash certain of the Board's discovery requests.  The state proceedings
4  are "ongoing."

5  Plaintiff argues that under Washington's APA that state proceedings are not
6  "commenced" and therefore cannot be "ongoing" until after charging documents are filed.  Dkt.
7  24, at 17 (*citing Canatella v. State of California*, 304 F.3d 850 (9th Cir. 2002)).  In *Canatella*,
8  the Ninth Circuit held that the filing of a complaint (in that case the attorney's self reporting) of a
9  potential violation of the state bar rules was not a state initiated "ongoing proceeding" for the
10  purposes of *Younger* abstention.  The Court reviewed California law and held that the state rules
11  governing disciplining a member of the bar explicitly stated that the proceedings commenced
12  with the filing of the "initial pleading" which was further defined in the rules as the "notice of
13  disciplinary charges."  *Id.*  Plaintiff does not point to any such language in the UDA or APA.
14  Plaintiff cites *Hutmacher v. Board of Nursing*, 81 Wn. App. 768, 771-72 (1996), a case involving
15  a nurse's challenge of whether the board had timely commenced adjudicative proceedings
16  against her, to argue that state proceedings are not commenced until charging documents are
17  filed under Washington law.  In that case, for purposes of determining the timeliness of the
18  charges, the Court held that the adjudicative proceedings commenced when the state filed the
19  statement of charges.  *Id.*  Plaintiff confuses state initiated "ongoing proceedings" for purposes of
20  *Younger* abstention, with "adjudicative proceedings."  His narrow definition of "ongoing" state
21  proceedings should not be accepted.  The first *Younger* requirement is met.

1        2. <u>Implicate Important State Issues</u>

2     As to the second *Younger* requirement, the Ninth Circuit held in *Buckwalter* that "[i]t is

3 self-evident that the Board's disciplinary proceedings implicate the important state interest of

4 ensuring quality health care." *Buckwalter,* at 747 (*citing Kenneally v. Lungren*, 967 F.2d 329,

5 331–32 (9th Cir.1992); *see also Gibson v. Berryhill*, 411 U.S. 564, 576–77, 93 S.Ct. 1689, 36

6 L.Ed.2d 488 (1973) ("[A]dministrative proceedings looking toward the revocation of a license to

7 practice medicine may in proper circumstances command the respect due court

8 proceedings....")).

9     Like the situation in *Buckwalter*, the Board's investigation of Plaintiff and disciplinary

10 proceedings, if any, implicate important state interests and federal court involvement would

11 create significant comity concerns. Federal court adjudication of Plaintiff's case would hamper

12 the Board's investigation and would interfere with Washington's authority to regulate physicians

13 practicing within its borders. *Buckwalter*, at 747. The second *Younger* requirement is met.

14        3. <u>Adequate Opportunity to Raise Federal Questions</u>

15     As was the case in *Buckwalter*, the third *Younger* requirement is satisfied by the fact that

16 Washington courts may entertain federal questions when they review the Board's actions.

17 *Buckwalter*, at 747. Pursuant to Washington law, if Plaintiff loses in the disciplinary hearing,

18 whether in the form of losing his license, or being reprimanded for failing to cooperate, etc.,

19 Washington's UDA gives him an adequate opportunity to raise his federal constitutional

20 challenges on appeal to the Washington courts.

21     **D. CONCLUSION**

22     To the extent that Plaintiff asserts claims against Washington State or its agencies, the

23 claims should be dismissed pursuant to the Eleventh Amendment. Plaintiff's remaining claims

24

should be dismissed pursuant to *Younger* because state initiated proceedings are ongoing, important state interests are implicated, and state law provides adequate forums and opportunities for Plaintiff to raise federal questions. This case should be dismissed and other pending motions should be stricken as moot.

### III. ORDER

It is hereby **ORDERED** that:

- Defendants' Motion to Dismiss (Dkt. 10) **IS GRANTED**;
- This case is **DISMISSED**; and
- All other motions are **STRICKEN AS MOOT**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 8th day of March, 2013.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge